# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAMON JOSIAH HOUSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-291-DDN ) |
| CORIZON HEALTH CARE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Damon Josiah Houston, an inmate at the Potosi Correctional Center ("PCC"), for leave to commence this civil action without payment of the required filing fee. (ECF No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $49.16. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff has submitted a copy of his certified inmate account statement. (ECF No. 4). A review of plaintiff's account indicates an average monthly deposit of $245.83 and an average monthly balance of $58.09. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $49.16, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation.").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980), *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On July 8, 2019, plaintiff filed a complaint in this Court seeking relief pursuant to 42 U.S.C. § 1983 against, *inter alia*, Corizon Health Care, and Drs. William D. McKinney and Carl Doerhoff. *See Houston v. McKinney*, No. 4:19-cv-1901-SRC (E.D. Mo. Dec. 17, 2019) (hereafter "*Houston I*"). Plaintiff sought and was granted leave to proceed *in forma pauperis*.

Plaintiff claimed that Corizon and Drs. McKinney and Doerhoff were deliberately indifferent to his serious medical needs in relation to the care and treatment he received for a condition called Giant Cell Granuloma, which manifested itself via a growth on plaintiff's forehead. In support, plaintiff alleged the growth began forming on March 18, 2018 while he was incarcerated at PCC in Mineral Point, Missouri. On March 26, 2018, he saw Dr. McKinney, who

diagnosed the growth as a cyst and said he would drain it if it grew larger. Dr. McKinney did not order a biopsy or send plaintiff for testing. On April 23, 2018, plaintiff sought medical attention for severe headaches, and was sent to Washington County Memorial Hospital where he underwent a CT scan. Two days later, plaintiff returned to Dr. McKinney, who measured the growth and noticed it was larger, but did not drain it. On May 7, 2018, again saw Dr. McKinney, who told plaintiff he was scheduled to see a surgeon.

On May 10, 2018, plaintiff was seen by Dr. Doerhoff through TeleMed. During the examination, Dr. Doerhoff told plaintiff that he could not see the knot on plaintiff's head, and that the droopiness in his face and swollen eyelids were not secondary effects of any such thing. On May 23, 2018, plaintiff saw Dr. Doerhoff at his off-site office. Dr. Doerhoff performed a biopsy, and plaintiff went to the hospital and underwent an MRI. On June 7, 2018, plaintiff underwent surgery at University of Missouri Health Care for removal of the growth. Plaintiff stated he had to have a piece of his skull removed, and he incurred nerve damage to the left side of his forehead and muscle damage in both of his eyelids.

Plaintiff sought relief against Corizon and Drs. McKinney and Doerhoff for misdiagnosing the growth, and delaying treatment. More specifically, he alleged Dr. McKinney "failed to adequately inquire into the facts necessary to make a professional judgment and treatment . . . in a reasonable time frame that would have prevented the damage" to plaintiff. He alleged that Dr. Doerhoff delayed treatment by failing to "adequately inquire into the facts to make the necessary judgment for [his] treatment." He alleged that Corizon "failed to intervene" when the doctors delayed treatment. On December 17, 2019, the Court dismissed the case pursuant to 28 U.S.C. §

4

1915(e)(2)(B) after determining that the complaint failed to state a claim upon which relief could be granted.

**The Complaint**

In the case at bar, plaintiff again seeks relief pursuant to 42 U.S.C. § 1983 against Corizon and Drs. Doerhoff and McKinney. He sues them in their individual and official capacities.

As in *Houston I*, plaintiff again claims that Corizon and Drs. McKinney and Doerhoff were deliberately indifferent to his serious medical needs in relation to the care and treatment he received for the same Giant Cell Granuloma condition. He alleges he was misdiagnosed, and surgery was delayed. He sets forth the same factual allegations as in *Houston I* concerning the examinations, diagnoses, treatment plans, testing, and ultimate surgery he received for the Giant Cell Granuloma from March 26, 2018 to June 7, 2019.

Additionally, plaintiff adds a claim related to a different health condition. He alleges as follows. In April of 2019, plaintiff was diagnosed with a "hydrocele," which he describes as "a type of swelling in the scrotum that occurs when fluid collects in the thin sheath surrounding a testicle." (ECF No. 1 at 5). On March 20, 2019, Dr. McKinney recommended a surgical consultation "for excision," but a Corizon "ATP representative UMMD" determined that surgical consultation was "medically unnecessary" because plaintiff could "ambulate, dress, and shower himself unaided." *Id.* at 5-6. Dr. McKinney and an unnamed supervisor appealed Corizon's decision to deny plaintiff a surgical consultation, but Corizon affirmed its decision. Plaintiff claims that Corizon was deliberately indifferent to his medical needs by preventing him from obtaining the surgical consultation Dr. McKinney recommended. Plaintiff alleges the hydrocele condition

significantly affects his daily activities, as he is unable to sit for over an hour without pain and cannot sleep on his right side without discomfort. *Id.* at 8.

Plaintiff seeks an injunction and monetary damages in the amount of $875,000 "from the delay dealing with the growth on [his] frontal bone and with interfering [with] the prescribed treatment for the hydrocele." *Id.* at 15, 17. Plaintiff further states he seeks monetary compensation because there is a chance the hydrocele will cause physiological harm.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's *pro se* status, the Court will allow him to file an amended complaint.

The Court first addresses plaintiff's claims related to the Giant Cell Granuloma. In the instant complaint, plaintiff asserts the same deliberate indifference claims against Corizon and Drs. McKinney and Doerhoff related to this condition as he asserted in *Houston I*, which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While the dismissal of *Houston I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future *in forma pauperis* petitions). Thus, this Court determines the § 1915(e)(2)(B) dismissal of *Houston I* has res judicata effect, and establishes that plaintiffs' deliberate indifference claims related to the care and

6

treatment he received for Giant Cell Granuloma are frivolous for § 1915(e) purposes, and therefore subject to dismissal.

The Court now turns to plaintiff's deliberate indifference claims related to the hydrocele. Plaintiff appears to bring this claim against Corizon, as he alleges that a Corizon "ATP representative UMMD" refused to authorize the surgical consult for excision of the hydrocele, as recommended by Dr. McKinney. However, plaintiff's allegations do not state a viable claim against Corizon.

Corizon is a private entity that contracts with the Missouri Department of Corrections to provide healthcare services to inmates. A corporation acting under color of state law, such as Corizon, cannot be liable on a respondeat superior theory. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Instead, a plaintiff must "show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006), *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983.").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the . . . official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face . . . a plaintiff must establish the existence of a 'policy' by demonstrating

7

that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

In order to establish an unconstitutional custom, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the . . . entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the . . . entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the . . . entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

"When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka Cty.*, 827 F.3d 749, 756–57 (8th Cir. 2016). Here, however, there is no indication that Corizon's denial of a surgical consultation resulted from an unconstitutional policy or custom. Additionally, plaintiff makes no attempt to identify or proceed against the individual, presumably a Corizon employee, who denied the surgical consult, or to describe the circumstances surrounding the denial. It is therefore unclear whether the denial was permissible or impermissible. Thus, liberally construing the complaint, plaintiff's allegations against Corizon are subject to dismissal pursuant to § 1915(e)(2)(B) for failure to state a claim. In consideration of plaintiff's *pro se* status, the Court will permit him to file an amended complaint to attempt to cure his pleading deficiencies.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the

Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that

the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel. (ECF No. 2). The motion will be denied at this time, without prejudice. In civil cases, a self-represented litigant has no constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013), *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that plaintiff has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $49.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

**Dated this 14th day of April, 2020.**

　　　　　　　　　　　　　　　　　　　　　/s/ **David D. Noce**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE