**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DAMON JOSIAH HOUSTON,              )
                                  )
        Plaintiff,                )
                                  )
    v.                            )          Case No. 4:20-cv-291-DDN
                                  )
CORIZON HEALTH CARE, et al.,      )
                                  )
        Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff

Damon Josiah Houston, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the

reasons discussed below, the Court will partially dismiss the amended complaint, and direct the

Clerk to issue process upon Dr. Thomas K. Bredeman in his individual capacity.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An

action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Dr. Thomas K. Bredeman, and Health Services Administrator Tymber Taylor. He alleges that both defendants are employed by Corizon. Plaintiff states he sues the defendants in their official and individual capacities. He alleges as follows.

In April of 2019, plaintiff was diagnosed with a hydrocele.[1] The hydrocele caused pain, and interfered with plaintiff's ability to sit and sleep on his side. On May 20, 2019, Dr. William McKinney recommended that plaintiff be seen for a surgical consult for excision of the

---

[1] A hydrocele is a fluid-filled sac in the scrotum. https://medlineplus.gov/ency/article/000518.htm (last visited August 25, 2020).

2

hydrocele. Plaintiff references a copy of a medical record from his May 20, 2019 follow-up visit with Dr. McKinney that he attached to the amended complaint and labeled "Exhibit 1." That medical record shows that plaintiff complained of pain and limitations on his ability to sit and sleep on his right side, and that Dr. McKinney diagnosed plaintiff with a "[s]ymptomatic Rt hydrocele" and entered a referral "for surgical consult for excision."

Plaintiff alleges that Dr. Bredeman refused to authorize the surgical consult that Dr. McKinney recommended. Plaintiff alleges that Dr. Bredeman based his refusal upon his determination that plaintiff was able to ambulate, dress, and shower without assistance. Plaintiff attached records labeled "Exhibit 2" that show that Dr. Bredeman's denial was made on such basis on June 5, 2019. Plaintiff alleges that the hydrocele causes daily pain, and renders him unable to sit longer than 30 minutes or sleep on his side. Plaintiff also alleges that the hydrocele threatens his future health.

Plaintiff claims that Dr. Bredeman's refusal to authorize the surgical consult recommended by Dr. McKinney amounts to deliberate indifference to his serious medical needs. Regarding Administrator Taylor, plaintiff alleges that she is liable to him because she refused to provide him with copies of his medical records and documentation regarding Corizon policies, thus "directly hindering [his] ability to litigate this case." Plaintiff seeks declaratory, monetary and injunctive relief.

## Discussion

The Court first considers plaintiff's allegations against Dr. Bredeman. The Eighth Amendment requires that inmates be provided with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To prevail on

an Eighth Amendment claim premised upon inadequate medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. *Schaub,* 638 F.3d at 914. This requires the inmate to first show that objectively, he suffered from a "serious medical need," which is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). Second, the inmate must show that subjectively, the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub*, 638 F.3d at 914.

Deliberate indifference may be manifested by intentionally denying or delaying access to medical care, or by intentionally interfering with treatment once prescribed. *Estelle*, 429 U.S. at 104-105. "When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka County*, 827 F.3d 749, 756–57 (8th Cir. 2016). "Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature." *Id.* at 755 (quoting *Johnson–El v. Schoemehl*, 878 F.2d 1043, 1055 (8th Cir. 1989)). *See also Foulks v. Cole County, Mo*., 991 F.2d 454, 455-57 (8th Cir. 1993) (holding there was liability where jail officials disregarded an instruction sheet from the plaintiff's doctor, ignored complaints of sickness and pain, and refused requests for medical care).

In the case at bar, plaintiff has alleged that Dr. McKinney diagnosed him with a symptomatic hydrocele and recommended that he have a surgical consult for excision. He has therefore sufficiently alleged that he had a serious medical need. Plaintiff has also sufficiently alleged that Dr. Bredeman was aware of that serious medical need and was also aware of

4

plaintiff's complaints of pain and limitations, and yet deliberately disregarded such need and ignored his complains of pain and limitations. The Court concludes that plaintiff has stated a plausible Eighth Amendment claim against Dr. Bredeman in his individual capacity, and will require Dr. Bredeman to respond to the amended complaint.

However, plaintiff's official capacity claim against Dr. Bredeman will be dismissed. Naming an official in his official capacity is the equivalent of naming the entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, to state an official capacity claim against Dr. Bredeman, plaintiff must allege that a Corizon policy or custom is responsible for the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). Here, while plaintiff generally acknowledges this requirement, he makes no attempt to allege that a Corizon policy or custom was responsible for Dr. Bredeman's allegedly wrongful conduct. Instead, plaintiff specifically alleges that Dr. Bredeman's decision was based upon his own observation that plaintiff was able to ambulate, shower and dress unaided. Accordingly, it cannot be said that plaintiff has adequately stated an official capacity claim against Dr. Bredeman, and such claim will be dismissed.

The Court now turns to plaintiff's allegations against Administrator Taylor. Plaintiff alleges that Taylor hindered his ability to litigate this case when she refused to provide him with copies of medical records and documentation regarding Corizon policies. To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury," such as the loss or rejection of a nonfrivolous legal claim regarding, *inter alia*, the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely

5

allege a denial of access to a specific resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008). "Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative." *Id.*

Here, plaintiff does not explain, nor is it apparent, how Taylor's conduct deprived him of the opportunity to advance any claims in this action, or caused any deficiency in the amended complaint. As noted above, plaintiff has stated a plausible individual capacity claim against Dr. Bredeman, and stating a plausible claim against Corizon or a plausible official capacity claim against Dr. Bredeman would not require provision of documentation from Corizon. Also, as noted above, plaintiff has made no attempt to allege that Dr. Bredeman based his allegedly wrongful decision upon a Corizon policy or custom. Instead, plaintiff has alleged that Dr. Bredeman based his allegedly wrongful decision upon his observation that plaintiff was able ambulate, shower and dress unaided. It therefore cannot be said that plaintiff has alleged an actual injury, as required to state a plausible access-to-courts claim, and plaintiff's allegations against Taylor do not describe conduct that implicates any other federally-protected right. The Court therefore concludes that the amended complaint fails to state a plausible claim for relief against Taylor, and will dismiss Taylor from this action at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Tymber Taylor is **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Dr. Thomas K. Bredeman are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with Corizon, upon Dr. Thomas K. Bredeman in his individual capacity.

Dated this 26th day of August, 2020.


_____

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

7