UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAMON JOSIAH HOUSTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-00291 JAR |
| CORIZON HEALTH CARE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se motion for appointment of an independent medical expert (Doc. No. 20). Defendant responded in opposition. (Doc. No. 21). For the following reasons, the motion will be denied.

Plaintiff asks the Court to appoint an independent medical expert to this case because Plaintiff contends that without one, he is unable to establish the alleged delay in medical treatment had adverse effects. Although Plaintiff does not reference Federal Rule of Evidence 706, presumably he wishes the Court to appoint an expert pursuant to Rule 706. The rule authorizes the Court to appoint an expert witness to testify in an action and order reasonable compensation be paid to the witness by the parties, in such proportion as the court directs. Fed. R. Evid. 706(a), (b). Courts have considerable discretion in deciding whether to appoint an expert pursuant to Rule 706 and in apportioning costs under that provision when one party is indigent. See Severance v. Chastain, No. 4:15-CV-74 CAS, 2018 WL 1251915, at *2 (E.D. Mo. Mar. 12, 2018) (citing cases). Nevertheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule. See Malady v. Corizon, No. 1:13CV80 SNLJ, 2013 WL 5835995, at *1–2 (E.D. Mo. Oct. 30, 2013) (citing In re

1

Joint Eastern and Southern Districts Asbestos Litigation, 830 F. Supp. 686, 693 (E. & S.D.N.Y. 1993) (citing Fed. R. Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence")); United States Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984) (court should appoint an expert witness only under compelling circumstances) (subsequent history omitted).

Here, Plaintiff has not shown compelling circumstances warranting the appointment of an expert witness. His claim for relief concerns Dr. Bredeman's denial of a surgical consult for the excision of a hydrocele. Proof in this case will rely on the medical records surrounding the denial of the surgical consult and the effect of that denial on Plaintiff. Plaintiff is able to testify to the effect of his medical condition upon him. Because the purpose of Rule 706, to assist the factfinding of the court, would not be served by appointing Plaintiff a court-appointed expert at this point in the proceedings, the motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of an independent medical expert [20] is **DENIED** without prejudice.

Dated this 19th day of January, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**