# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAMON JOSIAH HOUSTON, | ) |
| Plaintiff, | ) |
| | ) No. 4:20-CV-00291 JAR |
| v. | ) |
| | ) |
| CORIZON HEALTH CARE, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Damon Houston ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Dr. Thomas Bredeman in his individual capacity.[1] Plaintiff alleges Dr. Bredeman's failure to authorize a surgical consult for Plaintiff's testicular hydrocele amounts to deliberate indifference to Plaintiff's serious medical needs. Plaintiff seeks declaratory, monetary, and injunctive relief. Before the Court is Defendants' Motion for Summary Judgment. (Doc. No. 39). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Legal standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that

---

[1] On May 14, 2020, Plaintiff filed an amended complaint, in which he elected not to assert claims against Defendants Corizon Health Care, Carol Doerhoff, or William McKinney. (Doc. No. 8). On August 26, 2020, the Court dismissed Defendant Tymber Taylor. The Court also dismissed Plaintiff's official capacity claim against Dr. Bredeman. (Doc. No. 9).

1

no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour & Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

Plaintiff did not respond to Defendants' Statement of Uncontroverted Material Facts ("SOF") (Doc. No. 40), as required under Federal Rule of Civil Procedure 56 and Local Rule 4.01(E). Plaintiff's status as a *pro se* prisoner does not excuse him from responding to Defendants' motion "with specific factual support for his claims to avoid summary judgment," or from complying with local rules. Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001). With his failure to respond, Plaintiff is deemed to have admitted all facts in Defendants' SOF. Turner v. Shinseki, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. Jun. 22, 2010) (citing Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), aff'd 232 F.3d 907 (8th Cir. 2000), cert. denied, 531 U.S. 877)).

However, Plaintiff's failure to respond properly to Defendants' motion does not mean summary judgment should be automatically granted in favor of Defendants. Even if the facts as alleged by Defendants are not in dispute, those facts still must establish they are entitled to judgment as a matter of law. Cross v. MHM Corr. Servs., Inc., No. 4:11-CV-1544 TIA, 2014 WL 5385113, at *3 (E.D. Mo. Oct. 10, 2014).

**Facts**[2]

---

[2] The facts are taken from Defendant's SOF unless otherwise noted. (Doc. No. 40).

Plaintiff is a prisoner incarcerated in the Missouri Department of Corrections ("MDOC"). Dr. Bredeman is the Associate Regional Medical Director ("ARMD") for Corizon, LLC in Missouri. Corizon provides medical services in the MDOC. In his role as ARMD, Dr. Bredeman did not review or respond to any specialist referral requests for Plaintiff related to his hydrocele.

Plaintiff first complained of swelling on the right side of his scrotum to Dr. William McKinney on April 15, 2019. (SOF at ¶ 4). Plaintiff reported discomfort when sitting or when pressure was applied to the scrotum, but denied injury. Id. Dr. McKinney noted marked swelling and a suspected hydrocele.[3] He submitted a request for a scrotal ultrasound to confirm the diagnosis, which was approved by the Utilization Management Medical Director ("UMMD"). Id. at 152. Dr. Bredeman played no role in the review request.

On April 19, 2019, Plaintiff had an ultrasound. (Doc. No. 41-1 at 19). The ultrasound found no evidence of intratesticular masses or testicular torsion but did detect a moderate right testicular hydrocele with small debris and a small left testicular hydrocele. Id. Hydroceles are "often harmless" and "there are no medications available to treat hydroceles." (Doc. No. 41 at ¶ 9). They often resolve without treatment, but if a hydrocele does not improve over time, it can be drained with needle aspiration or surgically removed. Id. Surgery carries risks such as infection, blood clots, and infertility. Id.

On May 20, 2019, Dr. McKinney saw Plaintiff for a follow up visit. Plaintiff reported he can only sit for a limited time and cannot sleep on his right side due to pain. Dr. McKinney assessed Plaintiff with a symptomatic right testicular hydrocele and referred Plaintiff for a surgical consult for excision. (Doc. No. 41-1 at 155). The UMMD determined that a surgical

---

[3] The medical report erroneously notes a suspected cystocele, a condition experienced only by women. (Doc. No. 41 at ¶ 7).

3

excision was not medically necessary because Plaintiff could complete activities of daily living and recommended conservative management of symptoms. Id. On June 12, 2019, Dr. McKinney informed Plaintiff that the UMMD denied the surgical consult. Plaintiff reported no change in the condition of his hydrocele at that time. Dr. McKinney noted that he "is definately [sic] not in agreement" with the UMMD's determination. Id. at 165.

Over the next several months, Plaintiff continued to regularly seek medical care for his right testicular pain.[4] Meanwhile, Plaintiff continued to use exercise bikes and run on treadmills several times a week, although he took breaks because of the pain caused by his hydrocele. (SOF at ¶ 15). On March 25, 2020, Plaintiff saw a medical provider for complaints of testicular pain again. The provider noted the "right scotum [sic] is hard to touch with inability to feel the testes. Swollen 2 1/2 the size of left testicle…. Unable to transilluminate the right testes." (Doc. No. 41-1 at 204-5). Plaintiff was referred to a nephrologist due to a new sharp pain. Id.  The UMMD denied the request and suggested a second ultrasound. On May 29, 2020, Plaintiff's hydrocele was drained. (SOF at ¶ 19). Plaintiff again saw a provider for complaints of testicular pain and swelling on June 6 and June 8, 2020. Id. at ¶¶ 20-21. On June 8, 2020, Plaintiff was referred to a urologist and the UMMD suggested a repeat ultrasound. Id. at ¶ 21 On June 25, 2020, a provider requested a urology evaluation, which was approved. Id. at ¶ 22. Dr. Bredeman did not review or respond to these requests. Id. at ¶¶ 21-22.

Plaintiff saw urologist Dr. Douglas West on July 27, 2020. Dr. West noted the hydrocele was minimal and recommended an antibiotic and an ultrasound. He recommended an evaluation by a surgeon if the pain did not resolve. Id. ¶ at 23. Plaintiff received the antibiotic but was not

---

[4] Plaintiff saw a medical provider on September 18, 2019, October 16, 2019, November 27, 2019, December 11, 2019, and March 4, 2020

4

given the ultrasound. On August 26, 2020, after finishing the antibiotic, Plaintiff reported that the testicular pain resolved. Id. at ¶ 25.

However, on October 14, 2020, Plaintiff yet again saw a provider with complaints of testicular pain and was upset that he did not receive the ultrasound. Id. at ¶ 27 Plaintiff had one final visit, on November 24, 2020, in which he complained of testicular pain. Id. at ¶ 28. Dr Bredeman states that "[t]here is no objective medical evidence in the patient's medical record that surgical excision for the patient's right testicular hydrocele is medically necessary or that the patient is at risk of any medical complications if he does not undergo surgery." (Doc. No. 41 at ¶ 33). Dr. Bredeman states that in his opinion Plaintiff's medical symptoms do not support his complaints of pain. He was examined by a urologist, who noted the hydrocele was minimal. Plaintiff engaged in exercise and was not impaired when sitting, standing, or walking, which suggest the hydrocele does not interfere with his daily life. For these reasons, it is Dr. Bredeman's opinion that "surgery would be irresponsible." Id. at ¶ 32.

**Discussion**

It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. Id. at 104-05.

To establish deliberate indifference, a plaintiff must show that: (1) he suffered from an "objectively serious medical need"; and (2) prison officials "actually knew of but deliberately disregarded" that need. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). A medical need is sufficiently serious if it has been diagnosed by a physician as requiring treatment, unless it is so

obvious that even a layperson would easily recognize the need for medical attention. Ryan v. Armstrong, 850 F.3d 419, 425 (8th Cir. 2017) (citations omitted).

Deliberate indifference is an extremely high standard that requires a mental state "akin to criminal recklessness." Jackson, 756 F.3d at 1065 (quoting Scott v. Benson, 742 F.3d 335, 340 (8th Cir. 2014)). Thus, Plaintiff must show "more than negligence, more even than gross negligence." Fourte v. Faulkner Cty., Ark., 746 F.3d 384, 387 (8th Cir. 2014) (quoting Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)). He must demonstrate that Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Dulany v. Carnahan, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Dr. Bredeman argues Plaintiff's claim against him should be dismissed because he was not involved in reviewing the requests for specialist appointments and made no decisions regarding the challenged aspects of Plaintiff's medical treatment. It is undisputed Dr. Bredeman did not review requests for off-site specialist appointments related to Plaintiff's testicular hydrocele. Plaintiff may not hold Dr. Bredeman liable for the perceived acts or omissions of other individuals. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that officials can only be liable under § 1983 for their own conduct); Smith v. City of Minneapolis, 754 F.3d, 541, 547 (8th Cir. 2014) (same).

Furthermore, Plaintiff cannot show deliberate indifferent to his serious medical need. Although Plaintiff did not receive a surgical excision of the testicular hydrocele, he did receive several ultrasounds, a needle aspiration of the hydrocele, and a course of antibiotics, after which he reported his symptoms subsided. In Dr. Bredeman's opinion, surgery would be irresponsible given Plaintiff's ability to participate in the activities of daily life and the risks associated with surgery. Plaintiff does not have the "right to receive a particular or requested course of

treatment." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Viewing the record in a light most favorable to Plaintiff, no rational trier of fact could find denying Plaintiff's surgical consult amounted to deliberate indifference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Thomas Bredeman's Motion for Summary Judgment [39] is **GRANTED**.

Dated this 15th day of December, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE